JOHN J. QUINN - State Bar No. 029588
john_quinn@aporter.com
SHARON DOUGLASS MAYO - State Bar No. 150469
sharon_douglass@aporter.com
SHANE W. TSENG - State Bar No. 200597
shane_tseng@aporter.com
VIKRAM SOHAL - State Bar No. 240251
vikram_sohal@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV-06 8083 JFW(SHx)

| | |
|---|---|
| CHAPPELL & CO., INC., EMI MILLS MUSIC, INC., TITA CAHN AND JAY MORGENSTERN, CO-TRUSTEES OF THE TITA CAHN TRUST D/B/A CAHN MUSIC COMPANY, STUCK IN THE THROAT MUSIC, FAMOUS MUSIC LLC, SUCCESSOR-IN-INTEREST TO FAMOUS MUSIC CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> CARLUS FOOD & BEVERAGE, INC. AND LUIS CRUZ, <br><br> Defendants. | Case No: <br><br> COMPLAINT FOR VIOLATIONS OF COPYRIGHT ACT <br><br> (17 U.S.C. §§ 101 et seq.) |

DOCKETED ON CM

JAN - 4 2007

BY _____ 002

419456_1.DOC

12/10/2006 3:46:03 PM  Receipt #: 91493
Cashier: WIGIKIR KEBEDE
Paid by: WIGIKIR KEBEDE
2:CV06-60003
2007-005900
Amount :
2:CV06-60003        5 - Civil Filing Fee(1)
2007-518000                          $60.00
Amount :
2:CV06-60003        11 - Special Fund F/F(1)
2007-006400                         $190.00
Amount :
2:CV06-60003        Filing Fee - Special(1)
                                    $100.00
Credit Card Payment : 1000 527337 / 350.0

Plaintiffs allege:

1.    This action arises under the Copyright Act of the United States, Title 17, United States Code, §§ 101 et seq. (the "Copyright Act" herein) as hereinafter more fully appears.  Jurisdiction is conferred by virtue of Title 28, United States Code § 1338(a).

2.    Plaintiffs allege four (4) causes of action for copyright infringement based on the defendants' public performances of copyrighted musical compositions. SCHEDULE A annexed to the Complaint sets forth in summary form the allegations hereinafter made with respect to the plaintiffs, their copyrighted musical compositions, and defendants' acts of infringement.

3.    Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4.    Defendant Carlus Food & Beverage, Inc. is a California corporation which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Barkley's Restaurant & Bar (a/k/a The Barkley Restaurant & Bar), located at 1400 Huntington Drive, in South Pasadena, in the State of California.

5.    On information and belief, defendant Luis Cruz is a resident of this District and, at all times hereinafter mentioned, was and still is primary owner and California ABC licensee of defendant Carlus Food & Beverage, Inc.  Defendant Cruz has primary responsibility for the control, management, operation and maintenance of the affairs of said corporation.  The acts hereinafter complained of were done with his active assistance, cooperation, acquiescence and procurement, and he derives financial benefit therefrom.

6.    Musical compositions were and are publicly performed at said place of business.

7. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

8. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17, U.S.C.

9. The plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

10. The composition for which there are entries in Columns 7 and 8 are now in the renewal term of copyright, secured by due filing of an application for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the respective claims to the renewal of copyrights in the names of those claimants listed in Column 7. The dates and identification numbers of such certificates are set forth in Column 8.

11. Defendants on the date specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on defendants' premises, for the entertainment and amusement of the patrons attending said premises, and defendants threaten to continue such infringing performances.

12. The performances of the plaintiffs' copyrighted musical compositions on the dates specified in Column 9 on defendants' premises were unauthorized: neither defendants, nor any of the defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any plaintiff or any agent, servant or employee of any plaintiff to give such performances.

//

- 3 -

13. In undertaking the conduct complained of in this action, defendants knowingly and intentionally violated plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a) Defendants have not sought or obtained a license agreement from plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all plaintiffs are members.

(b) Despite numerous letters and other contacts by ASCAP representatives informing the defendants of their liability under the United States Copyright Law, defendants have continued to perform copyrighted music without permission during the hours that defendants' establishment is open to the public for business and presenting musical entertainment.

(c) The many unauthorized performances at Barkley's Restaurant & Bar (a/k/a The Barkley Restaurant & Bar) include the performances of the four copyrighted musical compositions upon which this action is based.

14. At the times of the acts of infringement complained of, the plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

15. The said wrongful acts of the defendants have caused and are causing great injury to the plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the defendants from the further commission of said acts, said plaintiffs will suffer irreparable injury, for all of which the said plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That defendants and all persons acting under the direction, control, permission or authority of defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions or any of them and from causing or permitting the said compositions to be publicly performed in defendants' said premises, or in any place owned, controlled or conducted by defendants, and

- 4 -

from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.   That defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III.   That defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.   For such other and further relief as may be just and equitable.

Dated:  December 18, 2006

ARNOLD & PORTER LLP
JOHN J. QUINN
SHARON DOUGLASS MAYO
SHANE W. TSENG
VIKRAM SOHAL

By: _____
VIKRAM SOHAL
Attorneys for Plaintiffs

- 5 -

**SCHEDULE A**

Case 2:06-cv-08083-JFW-SH   Document 1   Filed 12/18/06   Page 8 of 9   Page ID #:33

| Columns 1 Cause of Action | 2 Plaintiff | 3 Musical Composition | 4 Writers | 5 Date of Publication | 6 Certificate of Registration Number | 7 Renewal | 8 Renewal Certificate Date and Number | 9 Date of Known Infringement |
|---|---|---|---|---|---|---|---|---|
| 1. | CHAPPELL & CO., INC. AND EMI MILLS MUSIC, INC. | AIN'T MISBEHAVIN' | ANDY RAZAF THOMAS WALLER HARRY BROOKS | 7/8/29 | EP 8110 | THOMAS W. WALLER, JR., MAURICE RUTHERFORD WALLER AND RONALD RUTHERFORD WALLER, AS "CHILDREN OF DECEASED THOMAS WALLER, COMPOSER OF MUSIC". | 7/11/56 R 173947 | 6/9/06 |
| 2. | CHAPPELL & CO., INC. | THIS CAN'T BE LOVE | LORENZ HART RICHARD RODGERS | 10/26/38 | EP 72555 | RICHARD RODGERS, AS "THE AUTHOR OF THE MUSIC"; RICHARD RODGERS, AS "THE EXECUTOR OF THE AUTHOR OF WORDS, LORENZ HART, DEC'D". | 10/26/65 R 370968 | 6/9/06 |
| 3. | TITA CAHN AND JAY MORGENSTERN, CO-TRUSTEES OF THE TITA CAHN TRUST D/B/A CAHN MUSIC COMPANY | TEACH ME TONIGHT | SAMMY CAHN GENE DE PAUL | 3/29/54 | EP 79247 | SAMMY CAHN, AS "THE AUTHOR". | 2/8/82 RE 122-083 | 6/9/06 |

SCHEDULE "A"

| Columns 1 Cause of Action | 2 Plaintiff | 3 Musical Composition | 4 Writers | 5 Date of Publication | 6 Certificate of Registration Number | 7 Renewal | 8 Renewal Certificate Date and Number | 9 Date of Known Infringe-ment |
|---|---|---|---|---|---|---|---|---|
| 4. | STUCK IN THE THROAT MUSIC, FAMOUS MUSIC LLC, SUCCESSOR IN INTEREST TO FAMOUS MUSIC CORPORATION | BEAUTIFUL | LINDA PERRY | 3/22/02 | PA 1-104-696 | | | 6/9/06 |

SCHEDULE "A"